UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) |
| | ) |
| TREMAYNE BROWN, | ) No.: 4:18-CR-110-LGW-GRS |
| | ) |
| DEFENDANT. | ) |

**UNOPPOSED MOTION TO WITHDRAW PLEA OF GUILTY
AND EXTEND RULE 32(f) TIME TO OBJECT**

COMES NOW Tremayne Brown. ("Mr. Brown" or "Defendant") through undersigned counsel, and pursuant to Fed. R. Crim. P. 11(d)(2)(B), files this his unopposed motion to withdraw his plea of guilty to Count Five of the Indictment (violation of 18 U.S.C. § 924(c)) and extend the time to object under Fed. R. Crim. P. 32(f). In support of his Motion, Mr. Brown respectfully shows the Court the following:

I. **RELEVANT FACTUAL AND PROCEDURAL HISTORY**

Neither the government nor USPO oppose the motion.

On April 3, 2018, the Grand Jury returned a five-count indictment against Mr. Brown, charging, *inter alia*, violations of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c). Doc. 1. Mr. Brown was subsequently arraigned on April 26, 2018, doc. 9. After discussions amongst undersigned counsel, counsel for the government and multiple USPO officers, on May 29, 2018, the government filed its notice of plea agreement. Doc. 16.

On June 25, 2018, the Court accepted Mr. Brown's plea of guilty to Counts Four (violation of 21 U.S.C. § 841(a)(1)) and Five (violation of 18 U.S.C. § 924(c)) of the Indictment. Doc. 18. On September 24, 2018, USPO delivered its draft PSR to undersigned counsel, upon which another round of discussions commenced.

## II.     ARGUMENT AND CITATION TO AUTHORITY

Fed. R. Crim. P. 11(d)(2)(B) provides in relevant part: "[a] defendant may withdraw a plea of guilty…after the court accepts the plea, but before it imposes sentence if:…the defendant can show a fair and just reason for requesting the withdrawal." *See also, United States v. Buckles*, 843 F.2d 469, 471-72 (11th Cir. 1988). Under *Buckles*, the Court should consider four factors in determining whether a fair and just reason exists for withdrawal:

> (1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea.

*Buckles*, 843 F.2d at 471-72. Other relevant matters include the "good faith, credibility and weight of a defendant's assertions" when making and supporting a motion to withdraw a plea. *Id*. at 472.

Here, factors three and four cut in favor of a finding that Mr. Brown's reason for withdrawal is fair and just and are not outweighed by the close assistance of undersigned counsel or the voluntariness of Mr. Brown's initial agreement to plead guilty to Counts Four and Five.

First, as in *United States v. Williams*, 4:10-cr-257 (S.D. Ga. 2011), "judicial resources would not be conserved by denying Defendant's motion" because "only

minimal resources have been expended on this case thus far." *Id.* In *Williams*, only one substantive defensive motion had been filed, which did not necessitate a hearing. *Id.* And, "[a]lthough a presentence investigation report ha[d] been completed…, this task would need to be undertaken if Defendant proceeded to trial and was adjudicated guilty." *Id.* Moreover, "[a]fter anticipated minimal revision, this same report could be used should Defendant be adjudicated guilty." *Id.* For these reasons, as in *Williams*, this factor weighs in favor of Defendant. *See id.*

Second, prejudice to the government, if any, is not dispositive but merely a factor to consider. *See Buckles*, 843 F.2d 469 at 474. Here, the government does not oppose the motion. Mr. Brown has remained in custody throughout the proceedings, and this case has not been otherwise delayed and undersigned counsel represents that the Motion is brought in good faith.

### III. CONCLUSION

From the factors enumerated above, the Court should find that Mr. Brown has shown "fair and just cause" for the withdrawal of his plea of guilty to Count Five of the Indictment. Also, to further conserve judicial resources, the Court should find that an extension of the time to object to the draft PSR is appropriate.

WHEREFORE, Mr. Brown respectfully requests:

a) that he be permitted to withdraw his plea of guilty to Count Five of the Indictment;

b) that the Court schedule a Rule 11 hearing;

c) that the Court issue an order extending the time to object to the draft PSR until 14 days after a ruling on the instant motion; and

d) for any and all other relief the Court deems proper.

RESPECTFULLY SUBMITTED, this 9th day of October 2018.

/s/ Cameron C. Kuhlman  
CAMERON C. KUHLMAN  
Georgia Bar Number: 596159  
*Attorney for Defendant*

DUFFY & FEEMSTER, LLC  
P.O. Box 10144  
Savannah, Georgia 31412  
(912) 236-6311 Telephone  
(912) 236-6423 Facsimile  
cck@duffyfeemster.com

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

Submitted this 9th day of October, 2018.

/s/ Cameron C. Kuhlman
CAMERON C. KUHLMAN
Georgia Bar Number: 596159
*Attorney for Defendant*
